UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

RONALD BRAZELL,

  Plaintiff,　　　　　　　　　　　CASE NO.:

-VS-

VIVINT, INC. d/b/a VIVINT SMART HOME and FBCS, INC.,

  Defendants.

_____/

# COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like Defendants, VIVINT, INC. d/b/a VIVINT SMART HOME ("Vivint") and FBCS, INC. ("FBCS") (hereinafter "Defendants"), from invading American citizens' privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

5. "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their political information (not to mention their advertisements) [\*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at \*5-6 (7th Cir. Jan 3, 2017).

6. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. The alleged violations described herein occurred in Montgomery County, Georgia. Accordingly, venue is appropriate with this

Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Mt. Vernon, Montgomery County, Georgia.

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Plaintiff is an "alleged debtor".

13. Defendant, Vivint, is a foreign profit corporation with its principal place of business located at 4931 North 300 West, Provo, UT 84606, and which conducts business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver St., Lawrenceville, GA 30046-4805.

14. Defendant, Vivint, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors, and/or contractors, including, but not limited to, Defendant, FBCS.

15. Defendant, FBCS, is a corporation with its corporate headquarters at 330 S. Warminster Road, Suite 353, Hartboro, PA 19040 and conducts business in the State of Georgia.

16. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (912) *** - 2338, and was the called party and recipient of Defendants' hereinafter described calls.

17. Since mid-2016, Plaintiff has received an inordinate number of automated calls to his aforementioned cellular telephone from Defendants seeking to recover an alleged debt related to a home security system.

18. Upon receipt of the calls from Defendants, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers:  904-474-8155; 904-474-8162; 904-474-8150; 904-638-7888; 904-866-4451; 904-302-6440; 904-204-8850; 904-204-8901, and; 904-204-8931, and when those numbers are called, an automated message answers "Thank you for calling FBCS, a financial services company. This is an attempt to collect a debt and any information obtained will be used for that purpose. All calls are monitored and recorded."

19. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an

"automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received, and because when he answered a call from the Defendant he would hear an extended pause before an agent/representative would come on the line and identify themselves as an agent/representative of Vivint Home Security.

20. Furthermore, some or all of the calls at issue were placed by the Defendants using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

21. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

22. Defendants attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

23. In or about December of 2016, Plaintiff received a call from the Defendant, Vivint, met with an extended pause, eventually was connected to

a live representative, explained to the agent/representative that he had cancelled the security system contract, he was unhappy with their services, and demanded that Vivint cease placing calls to his aforementioned cellular telephone number.

24. During the aforementioned phone conversation in or December of 2016 with Vivint's agent/representative, Plaintiff unequivocally revoked any express consent Defendants may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

25. Each subsequent call the Defendants made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

26. Each subsequent call the Defendants made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

27. Despite actual knowledge of their wrongdoing, the Defendants continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendants may have had to call his aforementioned cellular telephone number.

28. Similarly, in or about January of 2018, due to the continued automated calls, Plaintiff answered a call from Defendant, FBCS, was met with an extended pause, held the line to be connected to an agent/representative of FBCS, was eventually connected to an agent/representative of FBCS, explained that he previously requested Defendants to stop calling him, that they did not need to continue to calling him, and demanded that Defendants cease placing calls to his aforementioned cellular telephone number.

29. Additionally, on or about March 5, 2018, due to the continued automated calls, Plaintiff answered a call from Defendant, FBCS, was met with an extended pause, held the line to be connected to an agent/representative of FBCS, was eventually connected to an agent/representative of FBCS, and immediately demanded that Defendants stop calling his aforementioned cellular telephone number.

30. On at least ten (10) separate occasions, Plaintiff has either answered a call from Defendants or returned a call to Defendants regarding his account, held the line to be connected to an agent/representative, and demanded that Defendants cease placing calls to his aforementioned cellular telephone number. His principal reason for answering these calls and making

these demands of Vivint and FBCS was the cumulative injury and annoyance he suffered from the calls placed by Defendants. These injuries are further described in paragraphs 33 through 39 herein.

31.   Each of the Plaintiff's requests for the harassment to end was ignored.

32.   From about December of 2016 through the filing of this Complaint, Defendants have placed approximately two hundred (200) actionable calls to Plaintiff's aforementioned cellular telephone number (please see attached **Exhibit "A"** representing a non-exclusive call log of thirty-six (36) calls from January 6, 2018 through March 5, 2018).

33.   Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

34.   From each and every call placed without express consent by Defendants to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

35.   From each and every call without express consent placed by Defendants to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome

calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendants' calls.

36. From each and every call placed without express consent by Defendants to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by Defendants to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go through the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by Defendants to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

39. Each and every call placed without express consent by Defendants to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

40. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety and aggravation.

41. Defendants' corporate policy is structured so as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendants they do not wish to be called.

42. Defendant's corporate policies provided no means for Plaintiff to have Plaintiff's number removed from Defendants' call list.

43. Defendants have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

44. Defendants have numerous complaints against them across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

45. Defendants have had numerous complaints against them from consumers across the country asking to not be called; however, Defendants continue to call these individuals.

46. Defendants violated the TCPA with respect to the Plaintiff.

47. Defendants willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA- VIVINT, INC.)

48. Plaintiff realleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully set forth herein.

49. Defendant, Vivint, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Vivint that Plaintiff did not wish to receive any telephone communication from Vivint, and demanded for the calls to stop.

50. Defendant, Vivint, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, VIVINT, INC., for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the TCPA- FBCS, INC.)**

51. Plaintiff realleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully set forth herein.

52. Defendant, FBCS, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified FBCS that Plaintiff did not wish to receive any telephone communication from VIVINT and FBCS, and demanded for the calls to stop.

53. Defendant, FBCS, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, FBCS, INC., for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT III
**(Violation of the FDCPA – FBCS, INC.)**

54. Plaintiff incorporates paragraphs one (1) through forty-seven (47) above as if fully set forth herein.

55. At all times relevant to this action Defendant, FBCS, is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

56. Defendant, FBCS, has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

57. Defendant, FBCS, has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

58. Defendant, FBCS, has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, FBCS, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

        Respectfully submitted,

        ***/s/ Octavio Gomez***
        Octavio "Tav" Gomez, Esquire
        Georgia Bar #: 617963
        Morgan & Morgan, Tampa, P.A.
        201 N. Franklin Street, Suite 700
        Tampa, FL 33602
        Telephone: (813) 223-5505
        TGomez@forthepeople.com
        SHill@forthepeople.com
        SLauredan@forthepeople.com
        *Counsel for Plaintiff*