# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| RONALD BRAZELL, | ) |
| | ) |
|     Plaintiff, | ) Civil Action File No. |
| | ) 3:18-CV-00047-DHB-BKE |
| vs. | ) |
| | ) |
| VIVINT, INC. d/b/a VIVINT SMART | ) |
| HOME and FBCS, INC., | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

## CONFIDENTIALITY ORDER

*Having fully considered the parties' proposed agreed protective order and for good cause shown, IT IS HEREBY ORDERED THAT the agreed order is **GRANTED** subject to the following modifications:*

*(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms; and*

*(2) Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents.*

This matter is before the Court on the joint request of Plaintiff and Defendants Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc. (hereinafter, "FBCS") and Vivint, Inc. (hereinafter, "Vivint"), collectively referred

1

to herein as the "Parties," to protect certain documents and information exchanged in this litigation from public disclosure. Upon review of the file and other good cause shown, the Court hereby finds and ORDERS, that:

1.

The discovery sought by the Parties in this case involves the production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature to the Parties, hereafter referred to as "Confidential Information," and potential witness testimony containing Confidential Information.

2.

**Designation of Material**. Documents and other things designated in good faith by a party to the action to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential Pursuant To Court Order." Placement of the "Confidential Pursuant To Court Order" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the entire document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order .

3.

**Subsequent Designation**. Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or Parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential Pursuant To Court Order" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

4.

**Modification of Designation**. The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below .

(a) The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

(b) If the Parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential Pursuant To Court Order" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

5.

**General Access**. Except for the Court, including judicial employees and other necessary personnel, such as court reporters, disclosure and use of Confidential Information shall be restricted solely to the following persons:

(a) Counsel of record in this Action and such partners, associate attorneys, paralegal, legal assistants, and stenographic or clerical employees of such counsel as have been assigned to assist counsel in the prosecution, defense or settlement of such actions;

(b) Persons designated as witnesses to this Action to the extent reasonably necessary for such persons to prepare for and to testify; any expert or consultant, including any employees thereof, used or retained by counsel or a party as an expert or consultant in this Action, to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of

this Action, provided that each such expert has read this Order in advance of disclosure and agrees to be bound by its terms.

(c) Any person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper;

(d) Any court reporter or typist recording or transcribing testimony in this Action and any outside independent reproduction firm;

(e) Any person who was the author, recipient or copy recipient of a document;

(f) Any person whom the Parties have agreed to use as a mediator in this Action;

(g) Parties to this Action;

(h) Law enforcement official requesting such documents or information pursuant to official investigation in this Action; and

(i) Investigators retained to assist in this Action.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6.

**No Copies/Notes**. Except for internal use by counsel of record in this action, for Court and deposition copies, and for such use as is expressly permitted under

the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7.

**Use in this Litigation Only**. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein .

8.

**Use at Depositions**. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

9.

**Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing

Confidential Information gives reasonable advance written notice (not less than 10 days) to the Court and all counsel of record in this case for the producing or designating party. Any party may move the Court for an order that the evidence be received in-camera or under other conditions to prevent unnecessary disclosure.

10.

**Filing Under Seal**. Each document to be filed with the Court that contains any Confidential Information, upon showing of good cause and if permitted by the Court, shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential Pursuant To Court Order.

11.

**Reasonable Precautions**. Counsel of record for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

12.

**Not an Admission**. Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the Parties or a person from raising any available objection , or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

13.

**Miscellaneous**. This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This order shall survive the dismissal of this action. Any party may petition the Court for relief for violations of this order.

SO ORDERED this 30th day of August, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

AGREED TO BY:

| | |
|---|---|
| BEDARD LAW GROUP, P.C. | MORGAN & MORGAN, P.A. |
| | |
| */s/Michael K. Chapman* | */s/ Octavio Gomez*_____ |
| Michael K. Chapman | Octavio "Tav" Gomez, Esq. |
| Georgia Bar No. 322145 | Georgia Bar No. 617963 |
| 4855 River Green Parkway, Suite 310 | 201 N. Franklin Street, Suite 700 |
| Duluth, Georgia, 30096 | Tampa, Florida 33602 |
| Telephone: (678) 253-1871 | Telephone: (813) 223-5505 |
| mchapman@bedardlawgroup.com | tgomez@forthepeople.com |
| *Counsel for Defendant,* | *Counsel for Plaintiff,* |
| *Financial Business and Consumer* | *Ronald Brazell* |
| *Solutions, Inc. d/b/a FBCS, Inc.* | |

MAC MURRAY & SHUSTER, LLP

/*s/ Helen H. MacMurray*
Helen H. Mac Murray
6530 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
hmacmurray@mslawgroup.com
*Counsel for Defendant,*
*Vivint, Inc.*